IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | C O M P L A I N T |
| v. | ) ) | JURY TRIAL DEMAND |
| ALLIANCE GROUND INTERNATIONAL, LLC, | ) ) ) | |
| Defendant. | ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to individuals adversely affected by such practices. Plaintiff Equal Employment Opportunity Commissions ("EEOC" or "Commission") alleges that Alliance Ground International, LLC ("Defendant" or "Alliance Ground") discriminated against a deaf job applicant ("Charging Party") and a group of deaf and hearing-impaired job applicants ("aggrieved applicants") when it failed to hire them because of their disability in violation of Sections 102(a) and (b)(5)(B) of the ADA, 42 U.S.C. §§ 12112(a) and 12112(b)(5)(B). Defendant also failed to maintain job applicant and hiring-related records in violation of the Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) and 29 C.F.R. § 1602.14.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the

Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois.

## PARTIES

3. Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. Defendant provides mail and cargo handling services to airlines at O'Hare airport in Illinois and other locations.

5. At all relevant times, Defendant has continuously been a limited liability corporation doing business in the State of Illinois and the City of Chicago. Defendant has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e(b), (g), and (h).

7. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty days prior to the institution of this lawsuit, the Charging Party filed a charge with the Commission alleging violations of the ADA by Defendant.

9. On January 12, 2023, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against the Charging Party in violation of the ADA by failing to hire him because of his disability; that Defendant violated the ADA by maintaining a practice of failing to hire deaf and hearing-impaired applicants (the "aggrieved applicants") for non-office positions at Defendant's Chicago, Illinois facility; and that Defendant failed to maintain employment records in the manner required by the ADA and its implementing regulations. The Letter of Determination invited Defendant to join with the Commission in informal methods of conciliation to eliminate the unlawful employment practices.

10. At various times between January 12 and August 17, 2023, EEOC and Defendant exchanged proposals and correspondence regarding the remedying of the discriminatory practices described in the Letters of Determination.

11. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. On August 17, 2023, the Commission issued to Defendant a Notice of Failure of Conciliation.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Since at least September 2, 2019, Defendant has engaged in unlawful employment practices at its facilities in Chicago, Illinois, in violation of Sections 102(a) and (b)(5)(B) of Title

I of the ADA, 42 U.S.C. §§ 12112(a), (b)(5)(B), affecting the Charging Party and aggrieved individuals. In particular:

    a.    On or about August 28, 2019, the Charging Party interviewed with an agent of Defendant regarding a job at Defendant's warehouse facility at O'Hare Airport.

    b.    The Charging Party has experience working in warehouses and was certified to operate a forklift; he was qualified for the multiple jobs at Defendant's facility, including that of Mail Handling Agent and could perform the essential functions of the job.

    c.    The Charging Party is deaf. He is a substantially limited in the major life activities or hearing and verbal communication.

    d.    On or about September 19, 2019, Defendant, through its agent informed Charging Party that he would not be hired due to Defendant's belief that his deafness rendered him unable to perform the job safely.

    e.    Defendant refused to hire Charging Party because of his disability and/or because of the need to provide him with a reasonable accommodation had he been hired.

    f.    Defendant has not employed any warehouse workers who are deaf or disabled due to a hearing impairment from at least September 19, 2019, to September 30, 2022.

    g.    Defendant has a policy or practice of refusing to hire individuals who are deaf or hearing impaired because of their disability and/or because of the need to provide them with reasonable accommodations if they were hired.

15.    Since at least September 1, 2019, Defendant has failed, in violation of Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 709(c) of

Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14 to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

    a.    The ADA and implementing regulations require employers to preserve employment records, including applications for hire and requests for accommodations, for a period of one year from the date of their creation.

    b.    Alliance Ground routinely and ordinarily destroys employment applications 90 days after their creation.

    c.    In November 2021, during the pendency of Charging Party's charge, Alliance Ground moved, and shredded large numbers of documents, including employment applications.

    d.    From at least September 1, 2019, through at least June 29, 2022, Alliance Ground did not preserve or maintain electronic employment applications it obtained or accessed through internet job sites such as Indeed.com.

    e.    The destruction and failure to preserve employment records described in this paragraph was carried out in violation of federal record keeping laws and regulations.

16.    The effect of the practices complained of above has been to deprive the Charging Party and aggrieved applicants of equal employment opportunities, and otherwise adversely affect their status as employees or applicants because of their disabilities.

17.    The effect of the practices complained of above has been to violate federal record keeping laws and regulations and thereby deprive the Commission of evidence relevant to performing its statutory duty to investigate and eliminate discriminatory employment practices.

18. The unlawful employment practices complained of above were and are intentional.

19. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of the Charging Party and the aggrieved applicants, and to Defendant's obligations to comply with federal laws and regulations concerning the preservation of employment records.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any employee or job applicant based on the employee's or applicant's disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with applicable federal laws and regulations.

D. Order Defendant to make whole the Charging Party and aggrieved applicants by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to instatement or front pay in lieu of instatement for Charging Party and the aggrieved applicants.

  E. Order Defendant to make whole the Charging Party and aggrieved applicants by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including costs of job search, relocation, and benefits, in amounts to be determined at trial.

  F. Order Defendant to make whole the Charging Party and aggrieved applicants by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional distress, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

  G. Order Defendant to pay the Charging Party and aggrieved applicants punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

  H. Order Defendant to pay the Charging Party and aggrieved applicants who were subjected to the unlawful practices alleged above prejudgment interest.

  I. Grant such further relief as the Court deems necessary and proper in the public interest.

  J. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Chris Lage
Deputy General Counsel
Equal Employment Opportunity
Commission
131 M Street, N.E., 5th Floor
Washington, D.C. 20507

Gregory Gochanour
Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: gregory.gochanour@eeoc.gov

Ethan Cohen
Assistant Regional Attorney
EEOC Chicago District Office
230 South Dearborn Street
Chicago, IL 60604
Email: ethan.cohen@eeoc.gov
IL ARDC # 6206781

s/<u>Greger Calhan</u>
Greger Calhan, Trial Attorney
EEOC Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota 55401
Telephone: (612) 552-7323
Facsimile: (612) 335-4044
Email: greger.calhan@eeoc.gov